

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 9, 1966

Mr. C. H. Cavness
State Auditor
Sam Houston State Office Bldg.
Austin, Texas

Opinion No. C-737

Re: Construction of Article
2654c, Section 1(h), Ver-
non's Civil Statutes:
1. Whether or not the
benefits extend to an
alien who is an employee
of a Texas State in-
stitution of higher learn-
ing but who is neither in
this country under a visa
permitting permanent resi-
dence nor has he filed a
Declaration of Intention
to become a citizen of the
United States; 2. Whether
or not the benefits may
be exercised in institutions
other than the employing

Dear Mr. Cavness:                    institution.

In a recent letter to this office you requested an
opinion in regard to the above referenced matters. We quote
from your letter as follows:

"...

"1. Does House Bill No. 675 of the 59th
Legislature, which extends resident tuition rates
to resident teachers or professors or other em-
ployees of Texas State institutions of higher
learning and their spouses and children, with-
out regard to the length of time they may have
resided in Texas, also extend resident tuition
rates to an alien who is a resident institu-
tional employee but who is not in this country
under a visa permitting permanent residence or
who has not filed a Declaration of Intention
to become a citizen with the proper Federal
immigration authorities (as set forth in Sub-

-3561-

paragraph (f), Section I, Article 2654c, Vernon's Revised Civil Statutes)?

"2. Do the provisions of House Bill No. 675 of the 59th Legislature relating to resident teachers or professors or other employees of Texas State institutions of higher learning extend to enrollments in institutions other than the one employing them?"

Section 1(f) of Article 2654c of Vernon's Civil Statutes provides as follows:

"(f) All aliens shall be classified as 'nonresident students'; provided, however, that an alien who is living in this country under a visa permitting permanent residence or who has filed a Declaration of Intention to become a citizen with the proper federal immigration authorities shall have the same privilege of qualifying for resident status for fee purposes under this Act as has a citizen of the United States. Provided, however, that a resident alien residing in a junior college district located immediately adjacent to state boundary lines shall be charged the resident tuition by such junior college."

Section 1(h) of Article 2654c, Vernon's Civil Statutes, provides:

"(h) Officers, enlisted men and women, selectees or draftees of the Army, Army Reserve, National Guard, Air Force, Air Force Reserve, Navy, Navy Reserve, or Marine Corps of the United States, who are stationed in Texas by assignment to duty within the borders of this State, or teachers, professors, or other employees of Texas State institutions of higher learning, shall be permitted to register themselves, their husband or wife as the case may be, and their children, in State institutions of higher learning by paying the regular tuition fees and other fees or charges provided for regular residents of the State of Texas, without regard to the length of time such officers, enlisted men or women, selectees or draftees, or teachers, professors, or other employees of Texas State institutions of higher

learning have been stationed on active duty
or resided within the State.  As amended Acts
1965, 59th Leg., p. 1003, ch. 490, § 1.

The former paragraph (6) of Section 1, Article 2654c,
Vernon's Civil Statutes, now Paragraph (h), was added in 1941
as an exception to the general requirements for establishing
"resident status" for fee purposes.  Prior to this amendment
military personnel were subject to the same requirements for
establishing domicile in Texas for fee purposes as other persons.
In 1965 the benefits of Paragraph (h) of Section 1 were extended
to teachers, professors, and other employees of Texas State in-
stitutions of higher learning and their families.

The effect of Section 1(f) of Article 2654c, Vernon's
Civil Statutes, is that all aliens shall be classified as "non-
resident students" and therefore must pay non-resident tuition
fees at State institutions of higher learning unless they quali-
fy for classification as "resident students" by conforming to
certain criteria.  Did the Legislature intend that an alien pro-
fessor or institutional employee of a State institution of higher
learning in Texas, should first either be living in this country
under a visa permitting permanent residence or have filed with
the proper immigration authorities a Declaration of Intention to
become a citizen before he could take advantage of the provisions
of Section 1(h) of Article 2654c?  We think not.  Had such been
the intent of the Legislature it could have added a provision
to Section 1(h) making alien teachers, professors, and other em-
ployees of State institutions of higher learning specifically
subject to the provisions of Section 1(f) of Article 2654c.

Paragraphs (f) and (h) of Article 2654c, Vernon's Civil
Statutes, must be construed in pari materia.  As to alien teach-
ers, professors, or other alien employees of State institutions
of higher learning, Section 1(h) is an exception to the general
provisions regarding aliens in Section 1(f).  Our answer to your
first question is in the affirmative.

Your second question is whether the benefits extended
to teachers, professors, and other employees of Texas State in-
stitutions of higher learning, and their families, by Article
2654c, Section 1(h), Vernon's Civil Statutes, may be exercised
in institutions other than the employing institution.  The word-
ing of Section 1(h) in no way limits its application to the
employing institution alone; rather it clearly extends benefits
which may be exercised in all State institutions of higher learn-
ing.  The phrase "State institutions of higher learning" is
plural and non-specific, and it is clear that the benefits which
the statute confers may be exercised in institutions other than
the employing institution.

## SUMMARY

Alien employees of Texas State institutions of higher learning, their husband or wife as the case may be, and their children are entitled to "resident student" status for fee purposes in State institutions of higher learning as authorized by Article 2654c, Section 1(h), Vernon's Civil Statutes, notwithstanding the provisions of Section 1(f) of Article 2654c.

The benefits extended to teachers, professors, and other employees of Texas State institutions of higher learning and their families by Article 2654c, Section 1(h), Vernon's Civil Statutes, are not limited to the employing institution but may be exercised in all State institutions of higher learning.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Robert L. Towery
Robert L. Towery
Assistant Attorney General

RLT:dh:mh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Malcolm Quick
W. O. Shultz
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright